An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1098

Filed 5 August 2026

Forsyth County, Nos. 20JT000122-330,20JT000123-330

IN THE MATTER OF:

B.N.M. and B.N.M.

Appeal by respondent-mother from order entered 5 August 2025 by Judge David E. Sipprell in Forsyth County District Court. Heard in the Court of Appeals 12 July 2026.

> *Parent Defender Annick Lenoir-Peek, by Assistant Parent Defender Benjamin J. Kull for respondent-appellant mother.*
>
> *Theresa A. Boucher for petitioner-appellee Forsyth County Department of Social Services.*
>
> *Michelle F. Lynch for Guardian ad Litem.*

PER CURIAM.

Respondent-Mother ("Mother") appeals from the termination of parental rights ("TPR") order entered on 5 August 2025. On appeal, Mother argues the trial court's findings do not support its decision to cease reunification. She argues in the

alternative that the trial court allowed counsel for the Forsyth County Department of Social Services ("DSS") to discredit her expert witness (her long-time therapist) based on DSS's admitted failure to keep that expert updated throughout the case. For the reasoning below, we affirm.

## I.    Background

Mother is the mother of three children, not all with the same father. This matter concerns the two older children. The matter concerning the youngest child was subject to an appeal to our Court in 2025. Our opinion in that matter contains history regarding these children. *See In re B.I.C.M.*, 918 S.E.2d 241 (2025) (unpublished). We lay out briefly history relevant to this present matter.

In August 2020, DSS filed petitions alleging Mother's three children to be neglected. In September 2020, the children were adjudicated neglected. In 2022, the children were returned to Mother.

In 2022, DSS filed new petitions regarding the children. In January 2023, the children were adjudicated to be neglected and dependent. Over the course of the next two years, the permanent plan was modified. At some point, the permanent plan for the older children, the children involved in this present appeal, was modified from reunification with Mother to adoption with a secondary plan of guardianship. The trial court determined that further efforts of reunification with Mother was "inconsistent with the juveniles' health and need for a safe permanent home within a reasonable period of time." After hearings in September and October 2024, the trial

court reiterated this permanent plan for the children.

DSS subsequently filed petitions to terminate Mother's rights to the children. By order entered on 5 August 2025, after a hearing on the matter, the trial court entered an order terminating Mother's parental rights in the two older children. She appeals. (We note petitions to terminate the rights of the respective fathers were also filed, resulting in the termination of their rights. The fathers did not appeal.)

## II. Analysis

Mother makes two arguments on appeal, which we address in turn.

## A. Ceasing Reunification

Mother argues that the trial court did not make the findings as required under N.C.G.S. 7B-906.2 in its 2024 order ceasing reunification as part of the permanent plan. Mother previously challenged this order in her first appeal, but only with respect to her youngest child where the trial court granted guardianship to that child to a third party. We affirmed the order in that first appeal. *Id.* It may be, as DSS argues, that Mother is precluded by collateral estoppel from challenging many findings in the order. Mother could have perhaps attacked in the first appeal that the guardianship order regarding her youngest child was inappropriate because there were insufficient grounds to cease reunification as part of the permanent plan. In any event, as explained below, we conclude there are findings contained in the order which are supported by the evidence to support the trial court's order ceasing reunification as part of the permanent plan.

While N.C.G.S. 7B-906.2 requires certain findings in an order which ceases reunification as part of the permanent plan, our Supreme Court has instructed that a "trial court's written findings must address the statute's concern but need not quote its exact language." *In re L.M.T.*, 367 N.C. 165, 168 (2013). We have reviewed the findings, e.g., findings 42, 44, 74, 75, 77, 80, 81, 85, 86, and 87 cited by DSS, and conclude they are adequately supported by the evidence and support the court's order.

Additionally, to the extent the findings in the 2024 order are deficient, we conclude those findings, when coupled with the findings in the order terminating Mother's rights, are sufficient. In so concluding, we hold that it is appropriate for us in our review of an order ceasing reunification to consider findings made in the subsequent termination order, following the reasoning of our Supreme Court in *In re L.M.T.*, 367 N.C. 165, 170 (2013) ("Because we consider both orders 'together,' incomplete findings of fact in the cease reunification order may be cured by findings of fact in the termination order.").

Thus, we conclude the trial court did not err by ceasing reunification efforts.

B. Witness Credibility

Mother argues the termination order must be reversed because the trial court allowed DSS to improperly discredit the mother's expert witness based on DSS's failure to keep the expert updated throughout the case.

We conclude the trial court did not err by determining Mother's expert to not to be very credible. *See Watkins v. Watkins*, 228 N.C. App. 548, 558 (2013) (holding

that the weight and credibility to be given certain testimony is the sole province of the judge, when sitting as factfinder).  We note the trial court gave credibility to the testimony of another expert.  In sum, we conclude the trial court did not commit reversible error when it discounted the testimony of Mother's expert.

### III.    Conclusion

For the reasoning above, we affirm the orders of the trial court ceasing reunification and terminating Mother's parental rights.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges STADING and FREEMAN.

Report per Rule 30(e).